1  ELENA R. BACA (SB# 160564)
   elenabaca@paulhastings.com
2  KRISTEN ARABACI (SB# 341682)
   kristenarabaci@paulhastings.com
3  PAUL HASTINGS LLP
   515 South Flower Street
4  Twenty-Fifth Floor
   Los Angeles, California 90071-2228
5  Telephone: 1(213) 683-6000
   Facsimile: 1(213) 627-0705
6
   PAUL C. EVANS (admitted *pro hac vice*)
7  paulevans@paulhastings.com
   JEFFREY A. STURGEON (admitted *pro hac vice*)
8  jeffreysturgeon@paulhastings.com
   DANIEL S. RICHARDS (admitted *pro hac vice*)
9  danrichards@paulhastings.com
   PAUL HASTINGS LLP
10 200 Park Avenue
   New York, NY 10166
11 Telephone: 1(212) 318-6000

12 Attorneys for Defendants
   META PLATFORMS, INC., PINAKI MUKERJI,
13 MARK TSIMELZON, NITIN GUPTA, WILL
   CATHCART AND MARK ZUCKERBERG

14

15                     UNITED STATES DISTRICT COURT

16                    NORTHERN DISTRICT OF CALIFORNIA

17

| 18 | ATTAULLAH BAIG, | CASE NO. 4:25-CV-07604-YGR |
|---|---|---|
| 19 | Plaintiff, | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY FACT DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION TO DISMISS** |
| 20 | vs. | |
| 21 | META PLATFORMS, INC., PINAKI MUKERJI, MARK TSIMELZON, NITIN GUPTA, WILL CATHCART AND MARK ZUCKERBERG, | |
| 22 | | **[FED. R. CIV. P. 26(c)]** |
| 23 | Defendants. | Date: January 27, 2026 |
| 24 | | Time: 2:00 p.m. |
| | | Judge: Yvonne Gonzalez Rogers |
| 25 | | Ctrm: 1, 4th Floor |

26

27

28

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ......................................................................................................................... 2

    A. Defendants' Motion to Stay is Not Procedurally Improper .................................... 2

    B. Defendants Have Satisfied The Two-Prong Test For Granting A Stay of Discovery Pending A Dispositive Motion .............................................................. 3

    C. Good Cause Supports the Requested Stay Because It Will Prevent Significant Undue Burden on Defendants and Will Not Prejudice Baig ................ 5

        1. The Requested Stay Will Not Cause Substantial Damage to Baig ............. 6

        2. Defendants Will Suffer Hardship and Inequity If the Requested Stay Is Not Granted ........................................................................................ 7

        3. A Stay Serves In the Orderly Course Of Justice ........................................ 8

    D. The Court Is Not Required To Evaluate The Merits Of Defendants' Motion to Dismiss To Rule On The Requested Stay Of Discovery .................................... 8

III. CONCLUSION .................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**                                                                                                     **Page(s)**

*10Tales, Inc. v. TikTok Inc. et al.*,
   No. 21-cv-03868 (N.D. Cal. Jan. 25, 2022) (Gonzalez Rogers, J.) .......................................... 2

*Cellwitch, Inc. v. Tile, Inc.*,
   No. 4:19-CV-01315, 2019 U.S. Dist. LEXIS 182943 (N.D. Cal. Oct. 22, 2019) ............. 3, 4, 8

*CMAX, Inc. v. Hall*,
   300 F.2d 265 (9th Cir. 1962) ................................................................................................ 5, 6

*Ervin v. Jones*, No. 2:19-cv-01883-KJM-CKD PS, 2020 U.S. Dist. LEXIS 78299
   (E.D. Cal. May 1, 2020) ............................................................................................................ 8

*Garcia v. TDBBS, LLC*,
   No. 25-cv-00299-AMO, 2025 U.S. Dist. LEXIS 121035 (N.D. Cal. June 25,
   2025) .................................................................................................................................. 3, 4, 9

*Heck v. Amazon.Com, Inc.*,
   No. 22-cv-03986, 2022 U.S. Dist. LEXIS 199904 (N.D. Cal. Nov. 1, 2022) ....................... 3, 9

*Jeter v. President of the U.S.*,
   670 F. App'x 493 (9th Cir. 2016) ............................................................................................. 4

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) .................................................................................................................. 5

*Little v. Seattle*,
   863 F.2d 681 (9th Cir. 1988) ................................................................................................ 4, 8

*Pac. Lumber Co. v. Nat'l Union Fire Ins. Co.*,
   220 F.R.D. 349 (N.D. Cal. 2003) .............................................................................................. 3

*Rutman Wine Co. v. E. & J. Gallo Winery*,
   829 F.2d 729 (9th Cir. 1987) .................................................................................................... 4

*Tradebay, LLC v. eBay, Inc.*,
   278 F.R.D. 597 (D. Nev. 2011) ................................................................................................. 4

*Wenger v. Monroe*,
   282 F.3d 1068 (9th Cir. 2002) ............................................................................................... 4, 5

*Yamasaki v. Zicam LLC*,
   No. 21-cv-02596-HSG, 2021 U.S. Dist. LEXIS 157156 (N.D. Cal. Aug. 19,
   2021) ......................................................................................................................................... 8

**Other Authorities**

Fed. R. Civ. P. 33(b)(2) ................................................................................................................. 7

Fed. R. Civ. P. 34(b)(2)(A) ........................................................................................................... 7

I.     **<u>INTRODUCTION</u>**

Baig's Opposition to Defendants' Motion confirms that a stay of discovery pending a ruling on Defendants' Motion to Dismiss is warranted. Baig does not dispute that Defendants' pending Motion to Dismiss is potentially dispositive of the entire case and can be decided absent additional discovery. As such, Baig has conceded that Defendants have shown that this case meets the standard for a stay applicable here. Moreover, Baig admits that a stay will only minimally impact the overall course of this litigation, given it will be in effect a "mere five weeks" before the scheduled motion date for Defendants' Motion to Dismiss. By contrast, the Parties jointly requested an overall discovery period of 18 months, evidencing the anticipated extensive scope and burden of discovery in this case. There is simply no reason for the parties to engage in that expensive and time-consuming discovery before this Court rules on whether or not Baig has stated a viable claim for relief.

In his Opposition, Baig does not dispute that Defendants have met the standard used by courts in this District and across the Ninth Circuit for stays pending a motion to dismiss. Instead, Baig asks the Court to apply a standard used in inapposite circumstances, and argues that Defendants cannot meet that standard. This Court should reject Baig's invitation to rewrite the standard applicable to this motion and apply the well-established standard Defendants indisputably have shown they can meet. Moreover, even if this Court were to apply the factors set forth in Baig's Opposition (which it should not), Defendants still have good cause to support the requested stay because (1) the stay will not cause substantial harm to Baig; (2) Defendants will suffer potential hardship and inequity if the requested stay of discovery is not granted; and (3) a stay will serve the orderly course of justice. The short stay sought here will allow the Court to rule on Defendants' Motion to Dismiss without requiring the parties to waste time and resources on discovery that may not be required. And Baig's suggestion that a five-week stay will somehow harm him is belied by his own decision to wait over two years to file his claims.

Finally, Baig spills substantial ink in his Opposition arguing that the Motion to Stay should be denied because the Motion to Dismiss is unlikely to succeed. Not only are Baig's arguments on that point incorrect for the reasons set forth in Defendants' Motion to Dismiss (ECF No. 29), but

the likelihood of success of Defendants' Motion to Dismiss is a separate issue that is not before the Court on this Motion to Stay. Rather, the first prong of the relevant two-part test only requires the Court to determine whether Defendants' Motion to Dismiss is *potentially* dispositive of the entire case when evaluating whether a stay of discovery pending a dispositive motion is warranted. Defendants have already shown that it is.

For these reasons, as explained in more detail below, and those already set forth in Defendants' Opening Brief, the Court should grant Defendants' Motion to Stay.

## II.  ARGUMENT

### A.  Defendants' Motion to Stay is Not Procedurally Improper.

Baig's argument that Defendants' Motion to Stay is procedurally improper because it is not compliant with the Court's Civil Standing Orders ("Standing Orders") is incorrect. Opp. at 6. Paragraph 8 of the Court's Standing Order enumerates requirements for motions related to "discovery disputes." Discovery has not commenced in this case, neither party has served discovery of any sort and there are, correspondingly, no "discovery disputes" between the Parties. *Compa*re Standing Order at ¶8 (referencing the parties' ability to attach excerpts of "disputed discovery material"). To the contrary, Defendants request a stay of discovery *in its entirety* pending the Court's ruling on Defendants' Motion to Dismiss, in part to avoid having to burden the Court with "discovery disputes" before it even rules on whether Baig has pled a viable cause of action. Defendants respectfully submit that such motions are not covered by Paragraph 8 of the Court's Standing Order. In fact, this Court has implicitly recognized as much. *See* Defendants' Motion to Stay Fact Discovery, *10Tales, Inc. v. TikTok Inc. et al.*, No. 21-cv-03868 (N.D. Cal. Jan. 25, 2022) (Gonzalez Rogers, J.), Dkt. No. 135; Order, *10Tales, Inc.*, (N.D. Cal. Feb 14, 2022) (Gonzalez Rogers, J.), Dkt. No. 141 (granting defendants' motion to stay discovery pending resolution of their motion to dismiss after defendants filed an ex-parte motion, and not a joint letter).[1]

Moreover, if Baig sincerely believed that Paragraph 8 of the Court's Standing Order required the filing of a joint letter, he had ample opportunities to raise the issue with counsel for

---

[1] Paragraph 8 of the Court's Standing Order was materially the same when the *10Tales, Inc.* case was decided.

1  Defendants or the Court and failed to do so. The Parties met and conferred on December 8, 2025
2  as required by Rule 16 of the Federal Rules of Civil Procedure. ECF No. 24. Defendants' counsel
3  made clear at that time that Defendants would file a motion to stay discovery pending the resolution
4  of their then-forthcoming motion to dismiss. *Id.* at p. 6. In their Joint Case Management Conference
5  Report, the Parties explicitly stated, "Defendants will move the court for a stay of discovery
6  pending a ruling on their forthcoming Motion to Dismiss." *Id*. Before filing his Opposition, Baig
7  never suggested that the Parties should file a joint letter in lieu of Defendants filing a Motion to
8  Stay — not in the Parties' meet and confer, nor in their joint filing to this Court. The Court should
9  not allow Baig to belatedly argue against a stay on such grounds for the first time in his Opposition.
10 For these reasons, Defendants' Motion to Stay is not procedurally improper.

       **B.**      **Defendants Have Satisfied The Two-Prong Test For Granting A Stay of Discovery Pending A Dispositive Motion.**

Defendants established in their Opening Brief that they satisfied the two-prong test that courts in this District consider when deciding whether to stay discovery pending the resolution of a motion to dismiss. Opening Br. at 2-3. Specifically, Defendants demonstrated that (1) their Motion to Dismiss would dispose of the whole case if granted; and (2) that the Court can decide the pending Motion to Dismiss without additional discovery because it can be decided on the basis of the allegations in Baig's Complaint. Opening Br. at 2-4; *Garcia v. TDBBS, LLC*, No. 25-cv-00299-AMO, 2025 U.S. Dist. LEXIS 121035, at *3 (N.D. Cal. June 25, 2025); *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co.*, 220 F.R.D. 349, 351–52 (N.D. Cal. 2003).

Baig makes no attempt to dispute Defendants' arguments that it has satisfied both prongs of the relevant test, nor does he distinguish any of the case law cited by Defendants in support of their arguments. *See* Opening Br. at 2-3 (citing *Heck v. Amazon.Com, Inc.*, No. 22-cv-03986, 2022 U.S. Dist. LEXIS 199904, at *4–5 (N.D. Cal. Nov. 1, 2022), *Garcia*, 2025 U.S. Dist. LEXIS 121035, at *4–5, *Cellwitch, Inc. v. Tile, Inc.*, No. 4:19-CV-01315, 2019 U.S. Dist. LEXIS 182943, at *4 (N.D. Cal. Oct. 22, 2019). Instead, he argues that stays of discovery pending a motion to dismiss are not automatic in the Ninth Circuit. Opp. at 6-8. Although true, this in no way rebuts

1   that the two-part test for granting such a stay is established here and there is good cause for the
2   stay.

3       And Baig's conclusory statement that "District courts within the Ninth Circuit have taken
4   differing approaches to evaluating the proprietary of granting discovery stays" — which is
5   supported only by a citation to a decision in the District Court of Nevada, *Tradebay, LLC v. eBay,*
6   *Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011) — does not help him. Opp. at 7. To the contrary, in
7   *Tradebay*, the court explicitly noted that district courts in the Northern and Eastern Districts of
8   California apply the two-part test that Defendants applied in their Opening Brief. Further, the
9   *Tradebay* court granted the defendant's motion to stay discovery pending the court's ruling on
10  defendant's Rule 12(b)(6) motion to dismiss because (1) it was potentially dispositive of the entire
11  case, and (2) the plaintiff did not claim that it needed any discovery to oppose the motion to dismiss.
12  *Id.* at 608. The same is true here.

13      Contrary to Baig's suggestion, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729,
14  738 (9th Cir. 1987), *Jeter v. President of the U.S.*, 670 F. App'x 493, 494 (9th Cir. 2016), and *Little*
15  *v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) do not purport to identify an exhaustive list of
16  "conditions" that must exist for a court to grant a stay of discovery pending a motion to dismiss.
17  Opp. at 7. These cases merely identify some circumstances in which such stays have been granted.
18  There are, of course, many others. *See Cellwitch, Inc.*, 2019 U.S. Dist. LEXIS 182943, at *3–5
19  (granting motion to stay discovery pending resolution of defendant's motion to dismiss plaintiff's
20  patent infringement claim because (1) the motion had the potential to be dispositive, and (2) the
21  motion could be decided without additional discovery); *see also Garcia*, 2025 U.S. Dist. LEXIS
22  121035, at *3, *5 (granting defendant's motion to stay discovery pending the resolution of
23  defendant's motion to dismiss plaintiff's false advertising claims). And, as set out in Defendants'
24  Opening Brief, one reason the stay is warranted here mirrors the reason a stay was granted in
25  *Rutman Wine*. The matters presented are complex and will require significant discovery should the
26  case proceed past Defendants' Motion to Dismiss. Baig has conceded as much. ECF No. 24 at p. 5
27  (requesting 18 months of discovery and noting "the complexity of this case and scope of the
28  allegations"); *see also* ECF No. 37 at p. 2 (same). Baig's reliance on *Wenger v. Monroe*, 282 F.3d

Case No. 4:25-CV-07604-YGR      - 4 -      DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY

1068, 1077 (9th Cir. 2002) supports Defendants' position. In that case, the court affirmed the district court's protective order staying discovery until the court ruled on defendant's 12(b)(6) motion to dismiss. The language Baig quotes from that case similarly supports Defendants' position here. *Id*. ("[a] district court may . . . stay discovery when it is convinced that the *plaintiff* will be unable to state a claim for relief.") (emphasis added). Indeed, if the Court believes Baig will be unable to state a claim, that is further support for Defendants' requested stay of discovery.

For these reasons and those stated in Defendants' Opening Brief, Baig has satisfied both prongs of the two-prong test necessary for this Court to grant the Motion to Stay.

### C. Good Cause Supports the Requested Stay Because It Will Prevent Significant Undue Burden on Defendants and Will Not Prejudice Baig.

Baig argues that satisfying the two-prong test for a motion to stay discovery does not eliminate Defendants' requirement to show "good cause" for a stay of discovery. Opp. at 7-8. Defendants do not argue they are relieved from this requirement and have already established good cause for staying discovery pending their Motion to Dismiss. Opening Br. at 4-5. Baig makes no attempt to discredit (or even address) Defendants' arguments on this point, nor does he distinguish the case law relied upon by Defendants in support of their arguments. Instead, Baig argues that *CMAX, Inc. v. Hall*, requires that before granting a stay of discovery pending a motion to dismiss, the Court must assess: (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. Opp. at 8 (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). That is not true. *CMAX* is inapposite.[2] That case did not concern a motion to stay discovery pending the ruling on a motion to dismiss. To the contrary, in

---

[2] Baig also notes that the *CMAX* case cites to *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). The *Landis* case was analyzing a court's power to stay proceedings in one lawsuit pending the decision in another lawsuit and therefore is similarly inapposite here.

*CMAX*, the court ruled on the standard applied to a mandamus proceeding challenging the district court's order granting a stay of trial. *Id.* at 267-268. Not only did the court in *CMAX* deny plaintiff's writ of mandamus, but all discovery in that case had been concluded at the time the court granted the stay of trial in that case. *Id*. Baig makes no attempt to explain how the factors set forth in the *CMAX* case are relevant to this Court's ruling on Defendants' Motion to Stay. For the reasons set forth in Defendants' Opening Brief, good cause supports Defendants' requested stay of discovery because it will prevent significant undue burden on Defendants and will not prejudice Baig. Opening Br. at 4-5.

Even if this Court were to apply the three factors from the *CMAX* case (which it should not), Defendants are still able to show good cause for the requested stay for the following reasons:

1. <u>The Requested Stay Will Not Cause Substantial Damage to Baig.</u>

Baig's argument (which is unsupported by any case law) that he will sustain substantial damage if the requested stay is granted because he first blew the whistle three years ago, key meetings and conversations occurred "long ago," "memories fade with each passing month," "[w]itnesses leave Meta," and "Slack and Workplace channels may be subject to ongoing retention schedules," is nonsense. Opp. at 8-9. As the Secretary of Labor's ultimate findings on Baig's claims before OSHA make clear, Baig's OSHA complaint alleged that Baig was issued a verbal warning by Meta on November 14, 2022. *See* ECF Nos. 29-1 and 29-2, Declaration of Elena R. Baca, Ex. A.[3] Despite now alleging that a short stay will cause him "substantial damage," Baig did not file claims at that time. Instead, 173 days later, he voluntarily entered into what became a series of tolling agreements, extending out over 21 months to January 15, 2025. *Id*. If Baig was concerned about "substantial damage" due to the passage of time, he had every opportunity to move more

---

[3] The Court may take judicial notice of the Secretary of Labor's February 13, 2025 findings on Baig's claims before OHSA. *See* ECF Nos. 29-1 and 29-2, Declaration of Elena R. Baca, Ex. A.

Case No. 4:25-CV-07604-YGR — - 6 -   DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY

quickly. He chose not to do so. Having made that decision, he cannot now argue that staying discovery for *under five weeks* from January 28, 2026 (the agreed-upon date discovery will commence should the Court deny Defendants' Motion to Stay (ECF No. 37)) to March 3, 2026 (the hearing date on Defendants' Motion to Dismiss (ECF No. 40)) will prejudice him when he chose to enter into multiple tolling agreements lasting several *years*.

### 2. Defendants Will Suffer Hardship and Inequity If the Requested Stay Is Not Granted.

Baig argues that Defendants will not suffer any hardship if the stay is denied because the requested stay "will expedite discovery by a mere five weeks." Opp. at 9. The relatively short length of the stay, however, weighs in favor of granting Defendants' Motion to Stay. While the requested stay is not lengthy, and therefore granting it will not prejudice Baig in any way, it is crucial to protect Defendants from undue hardship and inequity. Absent a stay, discovery will commence on January 28, 2026. Baig will presumably issue discovery requests that same day, covering the entire scope of his allegations — including his complaints, the alleged cybersecurity deficiencies he claims in his Complaint, past government actions involving Meta, the warnings he received for his inability to work with others, his termination, and much more. Defendants will be forced to launch full throttle into their investigation into those requests and begin to prepare responses, gather and review what they anticipate will be at least hundreds of thousands of documents, and raise anticipated disputes over the scope of discovery with Baig and, ultimately, the Court. Indeed, absent an extension of the deadline, defendants responses to discovery served on January 28, 2026 will be due March 2, 2026, one day before the hearing on Defendants' Motion to Dismiss. *See* Fed. R. Civ. P. 33(b)(2); *see also* Fed. R. Civ. P. 34(b)(2)(A). Baig argues that Defendants should be required to accept this massive undertaking even if his Complaint may ultimately be dismissed on the pleadings because, in his view, Defendants will not suffer a "meaningful burden" due to Meta's "resources and infrastructure" (Opp. at 9). This is wrong for two reasons. First, it ignores that the five Individual Defendants (including one no longer employed by Meta), not just Meta, would be unnecessarily subjected to discovery if the stay is not entered. Second, even as to discovery served

on Meta, the Company's "resources and infrastructure" do not reduce the burden of responding to discovery that will serve no purpose if this Court grants Defendants' Motion to Dismiss. Like any Defendant, Meta will need to devote substantial time and resources to responding to complex discovery. This potential hardship and inequity on Defendants would be reduced significantly if the requested stay of discovery by "a mere five weeks," to use Baig's words, is granted.

### 3. A Stay Serves In the Orderly Course Of Justice.

Baig argues (again, without any citation to case law) that "staying discovery for motions to dismiss would create unnecessary delays and inefficiencies." Opp. at 9-10. Not so. The Ninth Circuit has held that stays of discovery "furthers the goal of efficiency for the court and litigants" when discovery would not affect a court's decision on other issues pending in a case. *Little*, 863 F.2d at 685; *see also Ervin v. Jones*, No. 2:19-cv-01883-KJM-CKD PS, 2020 U.S. Dist. LEXIS 78299, at *1–2 (E.D. Cal. May 1, 2020) (holding that because defendants' motion to dismiss was potentially dispositive of the entire case and because there were no allegations that would benefit from discovery, a stay of discovery was "in line with the principles of judicial economy and the Federal Rules of Civil Procedure."). As already explained above (*see Supra* II.B) and in Defendants' Opening Brief, Defendants' Motion to Dismiss is potentially dispositive of the entire case and can be decided without additional discovery. Opening Br. at 2-3. Baig does not dispute these arguments. Thus, a stay serves in the orderly course of justice.

### D. The Court Is Not Required To Evaluate The Merits Of Defendants' Motion to Dismiss To Rule On The Requested Stay Of Discovery.

Throughout his Opposition, Baig argues that this Court can only grant Defendants' Motion to Stay if it finds Defendants are likely to succeed on their Motion to Dismiss. Opp. at 5-6, 10-14. That is incorrect. While the first prong of the two-factor test for evaluating a motion to stay discovery pending a dispositive motion allows courts to take a "preliminary peek" at the merits of the pending dispositive motion, the purpose is not to determine the likelihood of a party's success on the dispositive motion. *Cellwitch, Inc.*, 2019 U.S. Dist. LEXIS 182943, at *2–3. Rather, it is to determine whether the dispositive motion has the *potential* to be dispositive of the entire case or the issue at which discovery is directed. *Id.*; *see also Yamasaki v. Zicam LLC*, No. 21-cv-02596-

1   HSG, 2021 U.S. Dist. LEXIS 157156, at *4–5 (N.D. Cal. Aug. 19, 2021) (holding that, after taking
2   a "preliminary peek" at the merits of the underlying motion to dismiss, defendant's motion could
3   be potentially dispositive). In fact, courts in this District have rejected plaintiffs' arguments that a
4   motion to stay should be denied because the motion to dismiss will fail. *Garcia*, 2025 U.S. Dist.
5   LEXIS 121035, at *4 (rejecting plaintiff's argument that the motion to dismiss fails and therefore
6   the motion to stay discovery should be denied because "the inquiries into whether [defendant's
7   motion to dismiss] is ultimately successful . . . do[es] not factor into this District's [] factors" when
8   deciding a motion to stay); *see also Heck v. Amazon.Com, Inc.*, No. 22-cv-03986-JSW, 2022 U.S.
9   Dist. LEXIS 199904, at *4–5 (N.D. Cal. Nov. 1, 2022).

10        Baig is attempting to use his Opposition to draw the Parties and this Court into litigating
11  the merits of Defendants' Motion to Dismiss. Opp. at 10-14. Not only are Baig's arguments
12  incorrect for all the reasons already set forth in Defendants' Motion to Dismiss (ECF No. 29), but
13  the sufficiency of Defendants' Motion to Dismiss is a separate issue not currently before the Court
14  on this Motion to Stay. Instead, the relevant issue before the Court is whether Defendants' Motion
15  to Dismiss is potentially dispositive of this case. Defendants have already proven that it is. *See
16  Supra* II.B; Opening Br. at 2-3.

17        Regardless, Defendants' Motion to Dismiss is likely to succeed. Contrary to Baig's cursory
18  argument in his Opposition, Defendants' have established that the facts pled in Baig's Complaint
19  do not satisfy a basic element of his SOX claim — *i.e.*, that he engaged in protected activity under
20  SOX. Opening Br. at 3-4; *see also* ECF No. 29. In their Motion to Dismiss, Defendants' identified
21  each of the complaints Baig claims to have made and showed that they are not covered by SOX.
22  Demonstrating the weakness of his arguments, Baig now asserts a new allegation not found in the
23  body of his Complaint, suggesting that the SEC's Statement and Guidance on Public Company
24  Cybersecurity Disclosures saves his claims. But, as Defendants will explain in detail after Baig
25  fully briefs his position in his forthcoming opposition to Defendants' Motion to Dismiss, that
26  argument is not only outside the pleadings, it is wrong. Baig's reliance on the SEC's cybersecurity
27  rulemaking commentary is misplaced. First, the Supreme Court's *Macquarie* decision makes clear
28  that such rules cannot serve as the basis for a shareholder fraud claim under Section 10(b) and Rule

1  10(b)(5) thereunder.  Moreover, the SEC rule only requires disclosure of a cyber event via a Form 8-K if the company determined that the incident is material, which Meta did not. In any event, the Court need not and should not judge these arguments on this Motion to Stay. It need only find that Defendants' Motion to Dismiss, if granted, would resolve this case in its entirety. It is undisputed that this is the case.

## III.  CONCLUSION

For the forgoing reasons and those set forth in the Opening Brief, Defendants respectfully request that the Court grant their motion to stay the Defendants' obligations to comply with any fact discovery pending resolution of Defendants' Motion to Dismiss.

DATED: December 31, 2025

PAUL HASTINGS LLP

By: _____
    Elena R. Baca

Attorneys for Defendants
META PLATFORMS, INC., PINAKI MUKERJI, MARK TSIMELZON, NITIN GUPTA, WILL CATHCART AND MARK ZUCKERBERG