Wilmer J. Harris, SBN 150407
wharris@sshhzlaw.com
Amanda E. Johnson, SBN 324500
ajohnson@sshhzlaw.com
**SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES LLP**
715 Fremont Ave., Suite A
South Pasadena, CA. 91030
Telephone No.: (626) 441-4129
Facsimile No.: (626) 283-5770

*Attorneys for Plaintiff, Attaullah Baig*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATTAULLAH BAIG,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>META PLATFORMS, INC., a corporation; PINAKI MUKERJI; MARK TSIMELZON; NITIN GUPTA; WILL CATHCART; MARK ZUCKERBERG; and DOES 1-10, inclusive, Defendants.<br><br>　　　　　Defendants. | Case No. 3:25-CV-07604 - LB<br><br>**PLAINTIFF'S *CORRECTED* REQUEST FOR JUDICIAL NOTICE OF RECENTLY FILED CASE IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Dage: March 5, 2026<br>Time: 9:30 a.m.<br>Judge: Hon. Lauren Beeler<br><br>Complaint Filed: September 8, 2025<br>Trial Date:　Not Set |

---

PLAINTIFF'S *CORRECTED* REQUEST FOR JUDICIAL NOTICE OF RECENTLY FILED CASE IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 201 of the Federal Rules of Evidence, Plaintiff, Attaullah Baig respectfully requests that the Court take judicial notice of a recently filed securities case against Meta Platforms, Inc in support of Plaintiff's Opposition to Defendants' Motion to Dismiss.

On January 23, 2026, a class action complaint was filed was filed in United States District Court, Northern District of California. The complaint in *Emma Dawson, et al. v. Meta Platforms, Inc.*, case number 26-cv-00751, alleges that contrary to WhatsApp's claims of end-to-end encryption and user privacy, Meta and WhatsApp allowed unrestricted access to users' encrypted communications. As detailed in Plaintiff's complaint and opposition to motion to dismiss, the data privacy allegations in *Dawson* relate directly to the Mr. Baig's protected reports of securities law violations during his employment with Meta.

Federal Rule of Evidence 201(b) permits a court to take judicial notice of a fact that is not subject to reasonable dispute because it:

    (1) is generally known within the trial court's territorial jurisdiction; or

    (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

The existence of *Dawson* and its procedural posture are matters of public record and can be verified through the District Cout docket. A true and correct copy of the complaint is attached hereto as **Exhibit A**.

DATED: February 12, 2026        SCHONBRUN SEPLOW HARRIS
                                            HOFFMAN & ZELDES LLP

                                                */s/ Wilmer J. Harris*
                                       By: _____
                                                Wilmer J. Harris
                                                Amanda E. Johnson
                                      *Attorneys for Plaintiff, Attaullah Baig*