Wilmer J. Harris, SBN 150407
wharris@sshhzlaw.com
Amanda E. Johnson, SBN 342500
ajohnson@sshhzlaw.com
Katherine A. Wardlaw, SBN 353297
kwardlaw@sshhzlaw.com
**SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES LLP**
715 Fremont Avenue, Suite A
South Pasadena, CA. 91030
Telephone: (626) 441-4129
Facsimile: (626) 283-5770

*Attorneys for Plaintiff, Attaullah Baig*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATTAULLAH BAIG,<br><br>    Plaintiff,<br><br>  vs.<br><br>META PLATFORMS, INC., a corporation; PINAKI MUKERJI; MARK TSIMELZON; NITIN GUPTA; WILL CATHCART; MARK ZUCKERBERG; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 3:25-cv-07604 - LB<br><br>**NOTICE OF ERRATA RE: FIRST AMENDED COMPLAINT**<br><br>Judge: Hon. Laurel Beeler, U.S. Magistrate Judge<br><br>Complaint filed: September 8, 2025<br>Trial date:   Not Set |

PLEASE TAKE NOTICE that on April 24, 2026, Plaintiff Attaullah Baig filed his First Amended Complaint in this matter. (Dkt. 76.) In his filing, Plaintiff inadvertently filed the First Amended Complaint with inaccurate details.

Plaintiff will file a *Corrected* First Amended Complaint with all missing or inaccurate information corrected. Below is a chart of all corrections made to the First Amended Complaint (Dkt. 76). A true and correct copy of blackline compare of the First Amended Complaint against the Corrected First Amended Complaint is attached hereto as Exhibit A.

| Page and Paragraph No. | Substance of Change |
| --- | --- |
| Caption and footer on every page | Add: *Corrected* before "First Amended Complaint" |
| Page 10, lines 24-26, ¶ 21 | Add: stripped him of architectural responsibility for the "WAFFLE" project — Meta's initiative to allow WhatsApp users to log in using their Facebook and Instagram credentials, |
| Page 18, lines 22-23, ¶ 47 | Delete: , filed after Mr. Baig's termination |
| Page 19, line 1, ¶ 48 | Delete: , his November 27, 2024 and supplemental November 30, 2024 Form TCRs, |
| Page 37, line 24, ¶ 83 | Add: head of |
| Page 37, line 25, ¶ 83 | Delete: chief of<br>Add: at |
| Page 38, lines 5-6, ¶ 83 | Change: that had produced SEC enforcement, Congressional investigation, and shareholder litigation at Twitter<br>to<br>that Zatko had revealed at Twitter |
| Page 38, lines 13-14, ¶ 84 | Change: that Mr. Baig's findings implicated the same category of Congressional investigation, FTC enforcement, and securities fraud liability that had befallen Twitter.<br> to<br>that Mr. Baig's findings implicated Meta's legal and regulatory |

| | |
|---|---|
| | obligations. |
| Page 44, line 23, ¶ 96 | Add: civil |
| Page 47, lines 11-12, ¶ 101 | Delete: "WAFFLE" project — Meta's initiative to allow WhatsApp users to log in using their Facebook and Instagram credentials — <br> Add: WAFFLE project |
| Page 53, line 6, ¶ 113 | Delete: precise moment <br> Add: time of Mr. Baig's |
| Page 57, line 4, ¶ 122 | Add: the criminal |
| Page 57, line 5, ¶ 122 | Add: SEC civil enforcement action charges brought against |
| Page 60, lines 8-9, ¶ 125 | Delete: had produced enforcement liability <br> Add: Zatko had revealed |
| Page 65, line 4, ¶ 132 | Add: approximately |
| Page 66, line 5, ¶ 133 | Add: civil |
| Page 66, line 18, ¶ 134 | Delete: Meta internal investigators |
| Page 67, line 4, ¶ 134 | Delete: the precise moment <br> Add: when |
| Page 67, line 20, ¶ 135 | Delete: at the precise moment <br> Add: as |
| Page 70, line 6, ¶ 140 | Delete: at the precise time <br> Add: , and |
| Page 70, line 7, ¶ 140 | Delete: was certifying <br> Add: would later certify |
| Page 70, line 11, ¶ 140 | Delete: " |
| Page 70, lines 12-15, ¶ 140 | Delete: Defendant Gupta's cessation of one-on-one communication with Mr. Baig following the January 30, 2024 Uber Commitment disclosure, and by <br> Add: , the September 2024 removal of WAFFLE architectural |

| | responsibility, |
|---|---|
| Page 70, lines 26-27, ¶ 141 | Delete: ; . . . ; and the August 2024 "Below Expectations" rating. Add: and |
| Page 71, line 7, ¶ 142 | Add: and his team |
| Page 71, lines 9-10, ¶ 142 | Change: Hebbani then deliberately configured the tracking system to prevent Mr. Baig's team from logging the attacker's phone numbers to After several days of delay, Hebbani opened a tracking ticket (SEV S459511) and then deliberately configured the tracking system to prevent Mr. Baig's team from logging the attacker's phone numbers |
| Page 81, lines 15-16, ¶ 159 | Change: SEC enforcement action against Twitter's former cybersecurity chief for making to SEC whistleblower complaint filed by Twitter's former head of cybersecurity that revealed Twitter had made |
| Page 81, line 20, ¶ 159 | Delete: had led to SEC enforcement Add: Zatko had revealed |
| Page 82, line 2, ¶ 159 | Delete: enforcement Add: whistleblower |
| Page 82, lines 12-14, ¶ 159b | Delete: the same category of Congressional investigation, FTC enforcement, and securities fraud liability that had befallen Twitter. Add: Meta's legal and regulatory obligations. |
| Page 85, lines 24-25, ¶ 161b | Delete: "s" [changing "prosecutions" to "prosecution"] Add: the SEC civil enforcement action against |
| Page 87, lines 11-13, ¶ 161d | Delete: group . . . with Rosen, Mehta, Greene, Clarke, and others |

| | |
|---|---|
| | Add: and other cybersecurity |
| Page 89, line 15, 161i | Add: civil |
| Page 95, line 6, ¶ 165c | Delete: at the precise time that . . . was certifying |
| | Add: , and . . . would later certify |
| Page 96, line 25, ¶ 167a | Add: approximately |
| Page 99, lines 26-27, ¶ 169b | Delete: the precise moment |
| | Add: when |
| Page 101, line 18, ¶ 169g | Delete: precisely |
| Page 102, lines 1-5, ¶ 169h | Change: In a group instant message chat with Defendant Gupta, Brouwer and Defendant Mukerji, Defendant Gupta asked Mr. Baig why he was pushing for a focus on external threats and whether he thought the X-Sec team were a "bunch of idiots." The public nature of the hostile question — directed at Mr. Baig in a group chat with his supervisor and a senior leader functioned as precursor the retaliatory performance feedback that was issued by Defendant Mukerji on December 26, 2023. <br><br> to <br><br> In an instant message chat, Defendant Gupta asked Mr. Baig why he was pushing for a focus on external threats and whether he thought the X-Sec team were a "bunch of idiots." The nature of the hostile question functioned as precursor to the retaliatory performance feedback that was issued by Defendant Mukerji on December 26, 2023. |
| Page 102, lines 17-18, ¶ 169j | Delete: the precise moment |
| | Add: when |
| Page 109, line 8, ¶ 175 | Delete: WhatsApp's |
| | Add: Meta's |
| Page 109, line 14, ¶ 175 | Delete: enforcement |

| | Add: whistleblower |
|---|---|
| Page 109, line 17, ¶ 175 | Add: civil |
| Page 109, line 23, ¶ 175 | Add: civil |
| Page 113, lines 5-6, ¶ 178 | Delete: "s" [changing "actions" to "action"]<br><br>Change: Uber and SolarWinds CISOs<br><br>to<br><br>Uber CISCO and the SEC civil enforcement action against the SolarWinds CISO |
| Page 118, lines 19-27, ¶ 193;<br>Page 119, line 1, ¶ 193 | Delete: The protected disclosures above fall within three distinct categories under 18 U.S.C. § 1514A(a)(1): information provided to (A) a Federal regulatory or law enforcement agency under § 1514A(a)(1)(A); (B) a Member or committee of Congress under § 1514A(a)(1)(B); and (C) a person with supervisory authority or with authority to investigate misconduct under § 1514A(a)(1)(C).<br><br>Add: The protected disclosures above fall within three distinct categories under 18 U.S.C. § 1514A. Mr. . . . his disclosures to those at Meta constituted reports to persons "with supervisory authority" or with authority to investigate misconduct within the meaning of 18 U.S.C. § 1514A(a)(1)(C); |
| Page 130, line 24, ¶ 222 | Delete: enforcement<br>Add: whistleblower |
| Page 136, line 24, ¶ 228 | Delete: enforcement<br>Add: whistleblower |
| Page 139, lines 22-23, ¶ 229a | Delete: at the time it was being made |
| Page 139, line 24, ¶ 229a | Add: approximately |
| Page 152, line 22, ¶ 235 | Delete: including Defendant Tsimelzon |
| Page 153, line 9, ¶ 235 | Delete: late 2024 . . . performance cycle |

| | Add: January 2025 |
|---|---|
| Page 158, line 9, ¶ 242 | Delete: seven |
| | Add: eight |
| Page 158, lines 14-17, ¶ 242 | Add: at the August and October 2022 presentations Defendant Cathcart attended before disengaging from all security project review for the next two and a half years, Mr. Baig documented the specific compliance failures that the audit obstruction was designed to prevent from generating a written record; (3) |
| Page 158, lines 19-27, ¶ 242 | Delete: 3 . . . 4 . . . 5 . . . 6 . . . 7 |
| Page 159, line 3, ¶ 242 | Add: 4 . . . 5 . . . 6 . . . 7 . . . 8 |
| Page 159, line 22, ¶ 242a | Delete: at the precise moment he was certifying |
| | Add: , when Zuckerberg would later certify |
| Page 167, line 1, ¶ 254a | Delete: to user data |
| Page 167, lines 21-22, ¶ 254a | Delete: at the precise moment |
| | Add: while |
| Page 168, line 27, ¶ 254b | Delete: SEC enforcement action |
| | Add: one Zatko had revealed at |
| Page 171, line 19, ¶ 259b | Add: , September, |
| Page 172, line 15, ¶ 261 | Add: and his team |
| Page 172, lines 21-24, ¶ 262 | Add: Defendant Gupta and Defendant Tsimelzon repeatedly told Mr. Baig that his role was confined to application security and that systemic compliance disclosures fell outside his responsibilities. Defendant Gupta told Mr. Baig raising legal risks is for lawyers and that ATO remediation was not a priority for the company. |
| Page 175, lines 26-27, ¶ 263c | Delete: on . . . had |
| | Add: , in the days following Mr. Baig's . . . disclosure, |
| Page 176, lines 2-3, ¶ 263c | Delete: report on the same day Mr. Baig raised the reporting |

| | |
|---|---|
| | obligation. |
| | Add: Covered Incident Report. |
| Page 176, lines 20-21, ¶ 266 | Add: On information and belief, Defendants Zuckerberg and Cathcart personally approved the February 10, 2025 termination. |
| Page 177, lines 17-19, ¶ 271 | Change: by the Retaliation allegations above: as Head of WhatsApp, Defendant Cathcart oversaw all performance management for WhatsApp employees, and the employment investigation and termination process that culminated in Mr. Baig's termination fell within his organizational authority. to by the fact that he, as Head of WhatsApp, likely oversaw all performance management for WhatsApp employees. |
| Page 177, line 24, ¶ 271 | Delete: organizational |
| Page 177, line 26, ¶ 271 | Add: likely |
| Page 182, line 11, ¶ 277a | Delete: At Add: Around |
| Page 182, line 21, ¶ 277a | Delete: at precisely the time Add: while |
| Page 186, line 24, ¶ 281 | Add: approximately |
| Page 186, lines 25-26, ¶ 281 | Add: — which, on information and belief, was personally approved by Defendants Zuckerberg and Cathcart — |
| Page 193, lines 21-22, ¶ 292 | Delete: on or about Add: in the days following Mr. Baig's . . . disclosure |
| Page 196, line 9, ¶ 295 | Delete: letter Add: January 2 and . . . letters |
| Page 197, lines 1-2, ¶ 296 | Delete: "s" [changing "prosecutions" to "prosecution"] Change: Uber and SolarWinds CISOs to |

| | Uber CISCO and the SEC civil enforcement action against the SolarWinds CISO |
|---|---|
| Page 197, lines 4-5, ¶ 296 | Delete: at the precise moment |
| Page 197, line 16, ¶ 297 | Add: Defendant Cathcart, on information and belief, knew of the November 2024 Form TCR filing; |
| Page 200, line 23, ¶ 304 | Add: by Defendants Zuckerberg, Cathcart, Gupta, Mukerji, and Tsimelzon |

DATED: May 5, 2026                    SCHONBRUN SEPLOW HARRIS
                                      HOFFMAN & ZELDES LLP

                                           /s/Wilmer J. Harris
                                      By: _____
                                           Wilmer J. Harris
                                           Amanda E. Johnson
                                      *Attorneys for Plaintiff, Attaullah Baig*