Wilmer J. Harris, SBN 150407
wharris@sshhzlaw.com
Amanda E. Johnson, SBN 342500
ajohnson@sshhzlaw.com
Katherine A. Wardlaw, SBN 353297
Kwardlaw@sshhzlaw.com
**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES LLP**
715 Fremont Avenue, Suite A
South Pasadena, CA. 91030
Telephone: (626) 441-4129
Facsimile: (626) 283-5770

*Attorneys for Plaintiff, Attaullah Baig*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ATTAULLAH BAIG,<br><br>Plaintiff,<br><br>vs.<br><br>META PLATFORMS, INC., a corporation; PINAKI MUKERJI; MARK TSIMELZON; NITIN GUPTA; WILL CATHCART; MARK ZUCKERBERG; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 3:25-cv-7604 - LB<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE OBJECTION TO NEW MATTER RAISED FOR THE FIRST TIME IN DEFENDANTS' REPLY**<br><br>Judge: Hon. Laurel Beeler, U.S. Magistrate Judge<br><br>Complaint filed: September 8, 2025<br>Trial date: Not Set |

## I. INTRODUCTION

Defendants' Reply does not solely defend the motion they filed but improperly adds to it. On three separate points—each dispositive of a discrete Count—Defendants advance an argument in Reply that appears nowhere in their opening memorandum. They support these new arguments with authority they never cited and ask this Court to dismiss claims on grounds Mr. Baig has had no opportunity to address.

For example, Defendants' moving papers do not contain the phrase "Section 17(a)" anywhere in their twenty-seven pages of argument. Yet the Reply asks this Court to dismiss Count 14 because Mr. Baig "failed to approximate the elements of a Section 17(a) claim," citing *SEC v. Trabulse*, 526 F. Supp. 2d 1001 (N.D. Cal. 2007), a decision Defendants had never before mentioned. (Reply at 14.) Likewise, the moving brief says nothing whatsoever about the SEC's 2018 *Commission Statement and Guidance on Public Company Cybersecurity Disclosures*. Yet the Reply devotes a footnote to the contention that the Statement "was not an SEC rule or regulation within Section 806's ambit." This argument, if accepted, would dispose of Mr. Baig's Item 106 theory for every year preceding 2023. (Reply at 7 n.5.)

Mr. Baig anticipated exactly this. His Opposition warned that "[i]t is too late now, on a reply brief, for Meta to try to correct the error" of having left his pleaded theories unaddressed. And he cited *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007), and *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003), for the proposition that the Court need not consider arguments a party raises for the first time in its reply. (Opp. at 16.) The Reply does not answer but vindicates that objection.

## II. RELIEF REQUESTED

Pursuant to Civil Local Rule 7-11, Mr. Baig respectfully requests leave to file the accompanying Objection to New Matter Raised for the First Time in Defendants' Reply, lodged concurrently, which does not exceed five pages.

## III. LEAVE IS NECESSARY BECAUSE RULE 7-3(d) FORECLOSES THE ALTERNATIVE

Civil Local Rule 7-3(d) provides that "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval," subject to two exceptions. Neither exception fits

the circumstances here. The Objection to Reply Evidence exception is confined to "new evidence" and, by its terms, "may not include further argument on the motion." Civ. L.R. 7-3(d)(1). And the Statement of Recent Decision exception reaches opinions published only after the opposition or the reply was filed. Mr. Baig's objection is directed at new *argument* and new *authority*, not new evidence. He therefore seeks the Court's leave to file this Objection.

## IV. THE PROPOSED OBJECTION IS NARROW, SHORT, AND TIMELY

The proposed Objection does not reargue the motion. It identifies three arguments raised for the first time in Reply and asks the Court to decline to reach them.

The hearing is set for September 17, 2026, almost two weeks after the filing of this motion. Defendants may respond within four days. Civ. L.R. 7-11(b). While no party is prejudiced by this motion, the prejudice to Mr. Baig of proceeding without leave is concrete: three Counts stand to be dismissed on arguments briefed exactly once, by the party bearing the burden on the Motion to Dismiss, in a document to which Mr. Baig cannot reply.

## V. MEET AND CONFER

Pursuant to Civil Local Rule 7-11(a), the parties met and conferred regarding the filing of this administrative motion. The accompanying declaration explains that a stipulation could not be obtained under Civil Local Rule 7-12.

## VI. CONCLUSION

For these reasons, Mr. Baig respectfully requests that the Court grant leave to file the accompanying Objection to New Matter Raised for the First Time in Defendants' Reply.

DATED: September 4, 2026

SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES LLP

*/s/ Wilmer J. Harris*
By: ______________________________
Wilmer J. Harris
Amanda E. Johnson
Katherine A. Wardlaw
*Attorneys for Plaintiff Attaullah Baig*