Wilmer J. Harris, SBN 150407
wharris@sshhzlaw.com
Amanda E. Johnson, SBN 342500
ajohnson@sshhzlaw.com
Katherine A. Wardlaw, SBN 353297
Kwardlaw@sshhzlaw.com
**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES LLP**
715 Fremont Avenue, Suite A
South Pasadena, CA. 91030
Telephone: (626) 441-4129
Facsimile: (626) 283-5770

*Attorneys for Plaintiff, Attaullah Baig*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ATTAULLAH BAIG,<br><br>Plaintiff,<br><br>vs.<br><br>META PLATFORMS, INC., a corporation; PINAKI MUKERJI; MARK TSIMELZON; NITIN GUPTA; WILL CATHCART; MARK ZUCKERBERG; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 3:25-cv-7604 - LB<br><br>**[PROPOSED] OBJECTION TO NEW MATTER RAISED FOR THE FIRST TIME IN DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Judge: Hon. Laurel Beeler, U.S. Magistrate Judge<br><br>Complaint filed: September 8, 2025<br>Trial date: Not Set |

## I. INTRODUCTION

Defendants had twenty-seven pages to make their case for dismissal. They now seek to make additional arguments in Reply. This Objection does not reargue Mr. Baig's opposition but is instead directed at the three arguments that appear for the first time in Defendants' Reply, each of which would dispose of a discrete Count, and none of which Mr. Baig has had any opportunity to answer.

## II. THREE ARGUMENTS APPEAR FOR THE FIRST TIME IN DEFENDANTS' REPLY

### A. Defendants Attack the SEC's 2018 Cybersecurity Guidance for the First Time in a Reply Footnote to Dispose of Count 2

Mr. Baig's Opposition explained that although Item 106 did not take effect until Meta's fiscal year 2023 annual report, the SEC had advised in 2018 that the rules then in force already required disclosure of material cybersecurity risks and that boilerplate warnings would not suffice once an incident had occurred. (Opp. at 20, citing *Commission Statement and Guidance on Public Company Cybersecurity Disclosures*, 83 Fed. Reg. 8166, 8169-70 (Feb. 26, 2018).)

In their Reply, Defendants assert in a footnote—for the first time—that "the pre-Item 106 guidance Baig references was not an SEC rule or regulation within Section 806's ambit," because the Statement describes itself as "interpretive guidance." (Reply at 7 n.5.) That contention appears nowhere in Defendants' moving brief. The moving brief neither cites the 2018 *Commission Statement*, 83 Fed. Reg. 8166, nor argues that interpretive guidance falls outside Section 806. Had Defendants raised the point in their Motion to Dismiss, Mr. Baig would have responded in opposition that he has never contended the Statement is itself the rule, and that Section 806 asks whether his belief was objectively reasonable, not whether a cybersecurity engineer correctly classified the SEC's own explanation of its own regulations. *See Wadler v. Bio-Rad Labs., Inc.*, 916 F.3d 1176, 1188 (9th Cir. 2019).

### B. Defendants' Item 1.05 Argument Is New, and Their Own Reply Says So

The Reply argues that the SAC does not "allege facts approximating an Item 1.05 violation," because Item 1.05 requires disclosure only "[i]f the registrant experiences a cybersecurity incident that is determined by the registrant to be material." (Reply at 12.)

Defendants' own Reply admits that this is a new argument. In response to Mr. Baig's

observation that they had ignored Count 7, Defendants state only that they "argued that [Mr. Baig] neither exhausted nor reported Meta's alleged failure to file required current reports. Mov. at 9-11, 13-16." (Reply at 11-12.) That is an accurate characterization of the moving brief. Defendants moved against Count 7 on exhaustion and non-reporting only, improperly attacking the merits of Item 1.05 for the first time on Reply.

### C. Defendants' Moving Brief Never Mentions Section 17(a); Their Reply Asks the Court to Dismiss Count 14 for Failing to Approximate Its Elements.

Count 14 pleads retaliation for reporting violations of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a). Defendants' moving brief does not contain the phrase "Section 17(a)," cite 15 U.S.C. § 77q(a), or set out the elements of a Section 17(a) claim. The Reply nonetheless represents that Mr. Baig "failed to approximate the elements of a Section 17(a) claim, *id.* at 17-22," and cites *SEC v. Trabulse*, 526 F. Supp. 2d 1001, 1004 (N.D. Cal. 2007), for the first time for those elements. (Reply at 14.) Pages 17 through 22 of the moving brief address whether Mr. Baig's reports approximated the elements of a shareholder-fraud claim under the framework of *Van Asdale v. International Game Technology*, 577 F.3d 989, 1001 (9th Cir. 2009). Neither Section 17(a) nor *Trabulse* is mentioned. And the elements of a Section 17(a) claim differ materially from those Defendants actually briefed; in fact, Sections 17(a)(2) and (3) require no showing of scienter at all. *Aaron v. SEC*, 446 U.S. 680, 701-02 (1980). Although Mr. Baig made that very point in his Opposition, Defendants' Reply ignores *Aaron*. (Opp. at 16-17.)

## III. DEFENDANTS' REPLY ABANDONS THEIR MOTION'S ARGUMENT REGARDING COUNT 2

Defendants' motion was explicit about which Counts rose or fell with the shareholder-fraud approximation requirement: "By failing to approximate these elements, Baig failed to plead he had an objectively reasonable belief sufficient to support Counts 2, 3, 12, and 14." (Mov. at 18.) Mr. Baig's Opposition addressed that grouping of Counts directly. Count 2 rests on Mr. Baig's reasonable belief that Meta was violating an SEC rule—Item 106 of Regulation S-K—and the proposition that "such claims do not require any pleading or proof of suspected fraud." (Opp. at 15.) He cited *Wadler v. Bio-Rad Labs., Inc.*, 916 F.3d 1176, 1189 (9th Cir. 2019), in which the Ninth Circuit sustained a SOX

verdict resting entirely on the plaintiff's reasonable belief that his employer had falsified its books and records—a violation of an SEC rule—without requiring him to prove fraud. (Opp. at 10, 15-16, 19.)

The Reply, however, does not respond to that argument. It does not cite *Wadler*—a decision Defendants themselves relied upon in their moving brief—and does not address the distinction between a report of suspected fraud and a report of a suspected rule violation. Instead, the Reply drops Count 2 from the grouping. Defendants' shareholder-fraud section is now headed "Counts 3, 12, and 14 (and 5) Should Be Dismissed." (Reply at 7.) Count 2 has been moved to a section of its own, where Defendants argue something else entirely: that Mr. Baig made "reports of cybersecurity issues, not reports about any failure to disclose cybersecurity deficiencies in Meta's Form 10-K." (Reply at 6.) The word "fraud" does not appear in that argument.

Defendants are free to abandon a position. Mr. Baig asks only that the Court treat the shareholder-fraud approximation requirement as abandoned and adjudicate Count 2 on the grounds Defendants now advance.[1]

## IV. THE COURT SHOULD DECLINE TO REACH MATTER RAISED FOR THE FIRST TIME IN REPLY

The rule is settled: "The district court need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); *accord Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003). The purpose of the rule is fairness. A movant who withholds an argument until reply obtains a ruling on a record its opponent never had the chance to build, despite carrying the burden on its own motion. Mr. Baig does not ask the Court to strike the Reply. He asks only that the Court decline to reach the three arguments identified above. Should the Court elect to reach any of the three new arguments, Mr. Baig respectfully requests the opportunity to be heard on them at the September 17, 2026 hearing.

///

///

///

[1] Count 12, like Count 2, rests on SEC rules. Despite having accepted the proposition that a rule-based report requires no approximation of fraud, Defendants continue to include Count 12 in their shareholder-fraud grouping without explanation.

## V. CONCLUSION

Having chosen what to put in their Motion to Dismiss, Defendants should be held to it.

DATED: September 4, 2026

SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES LLP

*/s/Wilmer J. Harris*

By: ______________________________

Wilmer J. Harris
Amanda E. Johnson
Katherine A. Wardlaw
*Attorneys for Plaintiff Attaullah Baig*