PAUL HASTINGS LLP
Elena R. Baca (SB# 160564)
elenabaca@paulhastings.com
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California 90071-2228
Telephone: 1(213) 683-6000
Facsimile: 1(213) 627-0705

Attorneys for Defendants
META PLATFORMS, INC., PINAKI MUKERJI, MARK TSIMELZON, NITIN GUPTA, WILL CATHCART AND MARK ZUCKERBERG

(*Additional counsel listed on next page*)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATTAULLAH BAIG,<br><br>Plaintiff,<br><br>vs.<br><br>META PLATFORMS, INC., PINAKI MUKERJI, MARK TSIMELZON, NITIN GUPTA, WILL CATHCART AND MARK ZUCKERBERG,<br><br>Defendants. | CASE NO. 3:25-CV-07604-LDB<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE OBJECTION**<br><br>Judge: Laurel D. Beeler<br>Courtroom: B, 15th Floor |

Paul C. Evans (admitted *pro hac vice*)
paulevans@paulhastings.com
Jeffrey A. Sturgeon (admitted *pro hac vice*)
jeffreysturgeon@paulhastings.com
Daniel S. Richards (admitted *pro hac vice*)
danrichards@paulhastings.com
200 Park Avenue
New York, NY 10166
Telephone: 1(212) 318-6000

Attorneys for Defendants
META PLATFORMS, INC., PINAKI MUKERJI,
MARK TSIMELZON, NITIN GUPTA,
WILL CATHCART AND MARK ZUCKERBERG

## I. INTRODUCTION

Without citing any relevant authority, Baig seeks leave to file a Proposed Objection, ECF No. 91-4, on the ground that Defendants supposedly raised three new arguments for the first time in Reply.[1] Not so. All three arguments are part and parcel of arguments raised in Defendants' Moving Brief. All three respond to contentions in Baig's Opposition. And all three are therefore proper under governing authority in this Circuit.

Baig also stylized his request as an administrative motion for leave to object to new matters Defendants purportedly raised for the first time in their Reply—presumably to avoid the heightened scrutiny attendant to sur-replies. He claims his Proposed Objection is not a sur-reply because it merely identifies Defendants' supposedly new Reply arguments. But his Proposed Objection proceeds to respond to all of Defendants' Reply arguments. It is a sur-reply in an objection's clothing and should be rejected in both form and substance.

## II. ARGUMENT

### A. None of Defendants' Reply Arguments Are New, and They All Respond to Baig's Opposition in Any Event.

Defendants' Reply made points that both iterate on the Moving Brief's arguments and respond to Baig's Opposition. Each of these two reasons independently supports denying leave for Baig to file his Proposed Objection.

None of the three arguments Baig takes aim at are new. *Contra* Proposed Objection at 2-4. First, in their Moving Brief, Defendants argued that Baig's alleged reporting of violations of sources of law not contained within Section 806—which includes "any rule or regulation of the Securities and Exchange Commission"—was not protected activity. Mov. at 12-13 & n.6. Defendants further asserted that Count 2 failed to state a claim because Baig did not reasonably believe he reported violations of the SEC's cybersecurity rules, which were promulgated in 2023. *Id.* at 17. In response, Baig pointed to the SEC's 2018 interpretive guidance. Opp. at 20. Building on the arguments in their Moving Brief, Defendants noted in Reply that the SEC's 2018

[1] All terms used but not defined herein shall have the meanings ascribed to them in Defendants' moving and reply briefs in support of their Motion to Dismiss the SAC. ECF Nos. 84-1 ("Moving Brief") & 90 ("Reply").

interpretive guidance is not an SEC rule or regulation and that any reporting thereunder could not support a reasonable belief that Baig reported a violation of an SEC rule or regulation. Reply at 6-7 & n.5. This is not a "new" argument.

Second, Defendants' Moving Brief argued that Baig did not reasonably believe he reported violations of SEC rules requiring disclosure of certain cybersecurity issues in Meta's SEC filings. Mov. at 17 ("Nowhere in the 203-page SAC did Baig adequately allege he reported violations of the SEC's cybersecurity rules"), 19-20 & n.9. Baig responded by arguing that, "[i]n Count 7, Baig alleges he reported conduct that evinced a reasonable belief that Meta was violating Item 1.05," which is part of the SEC's 2023 cybersecurity rules.[2] Opp. at 24. In Reply, Defendants explained that the SAC fails to adequately allege facts approximating an Item 1.05 violation because Item 1.05 requires disclosure only "if the registrant experiences a cybersecurity incident that is determined by the registrant to be material," which Baig did not allege. Reply at 11-12.

Third, Defendants asserted in their Moving Brief that Baig did not reasonably believe he reported shareholder fraud because he failed to approximate the elements of a shareholder fraud claim, including that he did not allege a material misrepresentation or omission. Mov. at 17-22. In response, Baig argued that "Section 17(a) [of the Securities Act] directly establishes the reasonableness of Baig's belief Meta as violating SOX" because "Meta had already been enjoined, in 2019 from violating §§ 17(a)(2) and 17(a)(3) based on similar conduct." Opp. at 16-17. In their Reply, Defendants refuted that argument, explaining that the factual allegations set forth in Count 14 failed to approximate the material misrepresentation or omission elements of a claim brought under Section 17(a). Reply at 14.

In short, none of Defendants' Reply arguments are new. *See, e.g.*, *Overpeck v. FedEx Corp.*, No. 18-CV-07553-PJH, 2021 WL 4846928, at *1 (N.D. Cal. Sep. 14, 2021) (holding that reply argument that FedEx drivers are continuously on duty and any breaks they receive violate meal and rest break laws was not new where moving brief argued that it is standard practice for drivers to remain on duty for more than five consecutive hours); *California v. Chiquita Canyon, LLC*, No. 2:24-CV-10819-MEMF-MAR, 2025 WL 2238726, at *1 (C.D. Cal. July 7, 2025) (ruling

[2] Baig alleges the SEC's 2023 cybersecurity rules added Item 1.05 to the Form 8-K. SAC ¶ 185.

that reply argument that there is a presumption of harm for nuisance per se claim was raised by excerpts from case in moving brief making that point at higher level of generality).

Rather, Baig appears to complain about the fact that, in identifying the common deficiencies across all of Baig's Counts, Defendants did not expressly cite each of the many dozens of statutes, regulations, and "theories" cited in his SAC. Doing so would have been virtually impossible given the improper shotgun nature of Baig's pleading. Defendants' Moving Brief instead addressed them *all* through broad categories of arguments that each reached multiple legal predicates. Baig's attempt to leverage his shotgun pleading into a game of "gotcha" demonstrates precisely why his pleading should not stand and should not be rewarded. *See Gibson v. City of Portland*, 165 F.4th 1265, 1288 (9th Cir. 2026) (noting that shotgun pleadings are improper in part because they make it "difficult, if not impossible, for [defendants] to formulate a response.").

Moreover, while movants "cannot raise a new issue for the first time in their reply briefs, courts can "consider the issue [if the nonmovant] raised it in their brief." *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) (citation omitted). As the above discussion demonstrates, it is clear that, in each instance raised by Baig's Proposed Objection, Meta was responding to arguments *Baig made* in his Opposition. In fact, Baig's Proposed Objection makes clear that his Opposition triggered all three of Defendants' Reply arguments. Proposed Objection at 2 ("Mr. Baig's Opposition explained . . . ."), 2-3 ("In response to Mr. Baig's observation . . . ."; "Mr. Baig made that very point in his Opposition . . . ."). Thus, even if these Reply arguments were new relative to the Moving Brief, which they were not, Defendants still permissibly responded to Baig's Opposition arguments. *See, e.g.*, *Johnson v. Mantena LLC*, No. 5:19-CV-06468-EJD, 2020 WL 1531355, at *3 n.4 (N.D. Cal. Mar. 31, 2020) ("This was not an argument Defendant Mantena raised in its Motion to Dismiss. Rather, Plaintiff argued in opposition that it had pled sufficient facts to support standing. In response, Defendant Mantena argued that Plaintiff had not pled sufficient facts to support standing. Hence, this argument was not raised for the first time in a reply brief." (citation modified)); *Chang v. Cashman*, No. 22-CV-02010-AMO, 2024 WL 4804976, at *2 (N.D. Cal. Nov. 15, 2024) ("[T]he arguments Defendants raise on reply are not 'new.' Defendants' assertions about whether Copeman had authority to act on Cashman's behalf respond

to Chang's own unsupported contention . . . . Similarly, Defendants' contentions that Chang does not meet the definition of an employee respond to her arguments that she does." (citation modified)); *cf. Phleger v. Countrywide Home Loans, Inc.*, No. C 07-01686 SBA, 2009 WL 537189, at *9 n.13 (N.D. Cal. Mar. 3, 2009) ("Because Phleger did *not* raise these doctrines in her opposition, Countrywide has raised a new argument in its Reply." (citation modified)).

### B. **<u>Baig's Administrative Motion Seeks Leave to File an Improper Sur-Reply in Disguise.</u>**

Baig attempts to smuggle in a sur-reply as a "Proposed Objection" to avoid case law disfavoring sur-replies. The Court should reject it.

"Parties do not have the right to file sur-replies," which are viewed "with disfavor." *Last Brand, Inc. v. Deckers Outdoor Corp.*, No. 26-CV-01540-SVK, 2026 WL 2533033, at *5 (N.D. Cal. Aug. 27, 2026) (citation modified). Instead, with two exceptions that Baig admits are inapplicable here, ECF No. 91 at 2-3, "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval," Civ. L.R. 7-3(d). Although leave is proper where the movant raises new arguments in reply, "[t]he [C]ourt may exercise its discretion not to allow a sur-reply where the reply brief includes only arguments that were raised in response to the opposition brief or iterations of the positions the party took in its opening brief." *Last Brand*, 2026 WL 2533033, at *5.

As set forth above, none of Defendants' Reply arguments are new relative to the Moving Brief. They also all properly respond to the Opposition. Thus, a sur-reply here be improper. *See, e.g.*, *id.* (denying leave for plaintiff to file sur-reply because defendant's reply properly raised arguments about legal theory first invoked in plaintiff's opposition brief); *Synopsys, Inc. v. Siemens Indus. Software Inc.*, No. 20-CV-04151-WHO, 2021 WL 1238309, at *2 n.2 (N.D. Cal. Apr. 2, 2021) ("The new arguments and cases Siemens cites in its Reply are in direct response to the arguments raised in Synopsys's opposition. It is permissible for Siemens to address these issues in its Reply and Siemens's Reply arguments do not warrant Synopsys filing a Sur-Reply.").

Baig cannot escape that conclusion by misrepresenting the purpose of his Motion and labeling the attachment a "Proposed Objection." He claims it "does not reargue the motion,"

instead narrowly "identif[ying] three arguments raised for the first time in Reply . . . ." ECF No. 91 at 3. But his Proposed Objection directly responds to Defendants' Reply arguments. He tells the Court exactly how he "would have responded" to Defendants' Reply argument about the SEC's 2018 interpretive guidance by proceeding to make the argument. Proposed Objection at 2. He avers that Defendants' Reply argument about Section 17(a) fails based on the elements of such a claim and Defendants' purported failure to address his authority. *Id.* at 3. And he asks the Court to treat as abandoned one of Defendants' arguments directed to Count 2.[3] *Id.* at 3-4. That all exceeds the claimed "narrow" purpose of his Proposed Objection. And it is all improper. *See* Civ. L.R. 7-3(d) (prohibiting "further argument on the motion" in objections to new evidence submitted in reply).

Were it really so that Baig was just identifying Defendants' new Reply arguments, then there would be no need for him to lodge any objection at all. He admits that "[h]is Opposition warned that . . . the Court need not consider arguments a party raises for the first time in its reply." ECF No. 91 at 2 (citing Opp. at 16). If Baig is to be believed, then his Proposed Objection would be wholly redundant of an argument that he already made. But of course, that is not what Baig is doing. His Proposed Objection is a disguised sur-reply advancing *other, additional* arguments in response to the Reply that he regrets not making sooner. It is improper and should be rejected.

## III. <u>CONCLUSION</u>

Defendants' Reply did not advance any new arguments that did not respond to Baig's Opposition. Nor are there grounds for a sur-reply here. And Baig cannot avoid that conclusion by labeling his sur-reply as something else. Leave to file whatever Baig calls the attachment to his Motion should be denied. Should the Court disagree, however, then both Defendants' Reply arguments and those set forth in Baig's Proposed Objection should be considered.

[3] Worse still, Baig's abandonment argument is irrelevant. Count 2 of the SAC, which is directed to the SEC's 2023 cybersecurity rules, also contained allegations concerning shareholder fraud. SAC ¶¶ 219, 221. Thus, Defendants addressed it twice by asserting Baig did not reasonably believe he reported violations of the SEC's 2023 cybersecurity rules and that he failed to approximate a shareholder fraud claim. Mov. at 17-22. Baig then faulted Defendants for misconstruing Count 2 as advancing a shareholder fraud theory when it did not. Opp. at 15-16. In other words, Baig himself withdrew any shareholder fraud argument as applied to Count 2 and admitted there was no longer any need for Defendants to address the issue further in their Reply.

DATED: September 8, 2026

PAUL HASTINGS LLP

By: ______________________________

Elena R. Baca (SB# 160564)
Paul C. Evans (admitted *pro hac vice*)
Jeffrey A. Sturgeon (admitted *pro hac vice*)
Daniel S. Richards (admitted *pro hac vice*)

Attorneys for Defendants
META PLATFORMS, INC., PINAKI MUKERJI, MARK TSIMELZON, NITIN GUPTA, WILL CATHCART AND MARK ZUCKERBERG