Wilmer J. Harris, SBN 150407
wharris@sshhzlaw.com
Amanda E. Johnson, SBN 342500
ajohnson@sshhzlaw.com
**SCHONBRUN SEPLOW HARRIS HOFFMAN & ZELDES LLP**
715 Fremont Avenue, Suite A
South Pasadena, CA. 91030
Telephone: (626) 441-4129
Facsimile: (626) 283-5770

*Attorneys for Plaintiff, Attaullah Baig*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ATTAULLAH BAIG,<br><br>Plaintiff,<br><br>vs.<br><br>META PLATFORMS, INC., a corporation; PINAKI MUKERJI; MARK TSIMELZON; NITIN GUPTA; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 3:25-CV-07604 - LB<br><br>**PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE (ECF NO. 104)**<br><br>Date: December 3, 2026<br>Time: 9:30 a.m.<br>Ctrm.: B, 15th Floor<br><br>Judge: Hon. Laurel Beeler, U.S. Magistrate Judge<br><br>Complaint filed: September 8, 2025<br>Trial date: Not Set |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Meta Platforms, Inc., Nitin Gupta, Pinaki Mukerji, and Mark Tsimelzon (together, "Meta") ask the Court to take judicial notice of a single document: the Occupational Safety and Health Administration's February 13, 2025 findings letter, attached as Exhibit A to the Declaration of Elena R. Baca. (RJN, ECF No. 104; Baca Declaration, ECF No. 103-1 ("Baca Decl.") Ex. A at 4-6.) Plaintiff Attaullah Baig does not oppose notice that the letter exists and what it says. He objects to the use Meta actually makes of it. The first footnote of Meta's motion tells the Court that OSHA "concluded" that Mr. Baig's protected activity "likely does not qualify as objectively reasonable under SOX" and that any adverse action was "likely due to his own performance and/or behavior." (Motion to Dismiss, ECF 103 ("Mot.") at 8 n.1.) That is a request to notice OSHA's preliminary conclusions for their truth. This Court has already refused that request once, holding that the findings letter may be considered "for [its] existence and contents, not for the truth of contested facts," and that "OSHA's findings are not entitled to deference." (Am. Order, ECF No. 94 ("Order") at 7 n.23.) Nothing has changed. The Request should be granted only on those terms, and the characterizations in Meta's footnote should be disregarded.[1]

Meta offers the three remaining exhibits to the Baca Declaration—Mr. Baig's April 18, 2023, January 2, 2024, and December 4, 2024 reports (Baca Decl. at Exhibits B, C, and D)—not under Rule 201 but under the incorporation-by-reference doctrine. (Mot. at 13 n.3, 23 n.5, 25 n.6.) Mr. Baig does not object to the Court reading those reports in full. He objects, for the reasons stated in Part III, to any use of them to contradict the well-pleaded allegations of the Third Amended Complaint ("TAC") or to adopt Meta's characterization of what they say.

## II. THE OSHA LETTER MAY BE NOTICED FOR ITS EXISTENCE AND CONTENTS, NOT FOR THE TRUTH OF ITS PRELIMINARY CONCLUSIONS.

A court may notice only a fact "not subject to reasonable dispute." Fed. R. Evid. 201(b). The

---

[1] Civil Local Rule 7-3(a) directs that evidentiary objections be set out in the opposition brief, and Mr. Baig has done so. (Opp., ECF 105 at 18 n.2.) Because Defendants filed their Request as a separate document (ECF No. 104), Mr. Baig responds to it separately as well, so that the scope of what he does and does not oppose is stated in one place.

Ninth Circuit has made abundantly clear that this rule permits notice of a public record's existence and contents, but not of the truth of disputed facts recited in it. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999–1001 (9th Cir. 2018); *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001). The Court applied exactly that limit to this exhibit when Meta offered it last time, and it explained why: because the Secretary of Labor issued no final decision within 180 days, Mr. Baig was entitled to bring this action for *de novo* review (18 U.S.C. § 1514A(b)(1)(B)) and OSHA's preliminary findings therefore carry no weight on the merits. (Order at 7 n.23.) Meta concedes the point. (Mot. at 8 n.1.)

Having conceded it, Meta proceeds to do what the concession forbids. It quotes OSHA's two bottom-line conclusions—that the protected activity "likely does not qualify" and that the adverse action was "likely due to [Mr. Baig's] own performance and/or behavior"—and tells the Court it does so "to complete the record Baig selectively describes." (Mot. at 8 n.1.) Completing the record with a contested agency prediction about objective reasonableness and causation is use for the truth. Those are the two disputed questions at the heart of the motion, and they are the two questions a Rule 12(b)(6) court resolves from the pleadings, not from an investigator's letter.

Nor could the letter be noticed for its truth even if Meta had asked candidly. Three features of the document place its conclusions squarely within the category of facts "subject to reasonable dispute." *First*, the letter is dated February 13, 2025—twenty-seven days after Mr. Baig filed his administrative complaint on January 17, 2025, and three days after Meta noticed his termination on February 10, 2025. (Baca Decl. Ex. A at 4-6; TAC ¶¶ 11, 14.) A finding issued three days after the termination that is the central adverse action in this case could not have been investigated, and did not purport to assess, that termination; the administrative complaint was amended to add it two months later. (TAC ¶ 11.) *Second*, by its own terms the letter rests on "documents provided by Complainant." (Baca Decl. Ex. A at 5.) It reflects no investigation of Meta, no interview of any Meta witness, and no review of any Meta document. *Third*, this Court has since examined the same reports on *de novo* review and held that they plausibly plead an objectively reasonable belief that Meta's SEC filings were misleading. (Order at 2, 14–19, 28.) An agency's preliminary guess that the belief "likely" was not reasonable, made without hearing from Meta and before the termination, and since rejected by the only

tribunal with authority to decide the question, is not a fact beyond reasonable dispute. It is the dispute.

Mr. Baig therefore requests that the Court grant the Request for Judicial Notice as to Exhibit A only to the extent of noticing that OSHA issued the February 13, 2025 letter and what the letter says, as it did before (Order at 7 n.23), and that the Court disregard the characterizations of OSHA's conclusions at page 8, footnote 1, of the motion.

## III. EXHIBITS B THROUGH D MAY BE READ FOR WHAT THEY SAY, NOT TO DISPUTE THE TAC.

Meta does not ask the Court to notice Exhibits B, C, or D. It invokes the incorporation-by-reference doctrine because the TAC quotes the three reports and pleads them as protected activity. (Mot. at 13 n.3, 23 n.5, 25 n.6 (citing *Khoja*, 899 F.3d at 1002).) Mr. Baig has no quarrel with the Court reading the reports in full. The TAC quotes them for a reason, the Court read the April 2023 and January 2024 letters when it sustained the claim (Order at 4–6, 15–19), and each report, read as a whole, is a report that Meta was misleading its investors.

But the doctrine has a limit that Meta's citation omits. Incorporation by reference exists to prevent a plaintiff from quoting selectively; it does not permit a defendant to use the incorporated document to contradict the complaint. "[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint," and the doctrine may not be used to "short-circuit the resolution of a well-pleaded claim." *Khoja*, 899 F.3d at 994, 1003, 1014. Meta's motion crosses that line when it tells the Court what each report is "primarily" about, what its "gravamen" is, and what it "primarily details." (Mot. at 23, 25.) Those are characterizations, not contents. What a report conveyed to a reasonable reader at Meta—and whether it conveyed, together with the reports before and after it, a concern that investors were being misled—is a question the Order directs be answered from the whole course of reports read together (Order at 2, 15), accepting the TAC's well-pleaded allegations as true. Mr. Baig objects to any use of Exhibits B through D for the truth of Meta's characterizations of them, or to resolve against him any disputed question of what the

reports reasonably conveyed.[2]

Mr. Baig reserves all other objections to the admissibility and use of the Baca Declaration exhibits at any later stage of this action.

## IV. CONCLUSION

For these reasons, Mr. Baig respectfully requests that the Court (1) grant Defendants' Request for Judicial Notice as to Exhibit A only for the existence and contents of OSHA's February 13, 2025 letter, and not for the truth of any finding or conclusion in it; (2) disregard the characterizations of OSHA's conclusions at page 1, note 1, of Defendants' motion; and (3) consider Exhibits B through D to the Baca Declaration only for their contents, and not for the truth of Defendants' characterizations of them or to dispute the well-pleaded allegations of the Third Amended Complaint.

DATED: November 10, 2026

SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES LLP

*/s/Wilmer J. Harris*
By: ________________________________
Wilmer J. Harris
Amanda E. Johnson
*Attorneys for Plaintiff Attaullah Baig*

---

[2] Mr. Baig also notes that Exhibits A and B were filed without redaction and contain his home address, personal email address, and personal information unrelated to any issue on the motion. He reserves the right to seek relief under Civil Local Rule 79-5 and Fed. R. Civ. P. 5.2.